UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

EVELYN DOMINGUEZ, an individual,

     Plaintiff,

     v.

ROBERT J. FIORE P.A., a Florida Corporation,
and ROBERT JOSEPH FIORE, individually,

     Defendants.

_____/

## **COMPLAINT**

1.     Plaintiff, EVELYN DOMINGUEZ (hereinafter referred to as "DOMINGUEZ" and "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2.     Defendants, ROBERT J. FIORE P.A., a Florida Corporation, and ROBERT JOSEPH FIORE, individually (hereinafter collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated a personal injury law firm located at Museum Tower, Penthouse II – 2900, 150 W. Flagler Street, Miami, Florida 33130 in Miami-Dade County, within the jurisdiction of this Court.

3.     At all times material to this Complaint, Defendant, ROBERT JOSEPH FIORE, has owned and managed ROBERT J. FIORE P.A., and ROBERT JOSEPH FIORE exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff was compensated, determined how Plaintiff's hours worked were tracked or recorded, set the rates of pay of Plaintiff, and controlled the finances and day-to-day management operations of ROBERT J. FIORE P.A. By virtue of such control and authority, ROBERT JOSEPH FIORE was an employer of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

1

4.      DOMINGUEZ brings this action against Defendants for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5.      At all times material to this Complaint, DOMINGUEZ was an employee of Defendants, ROBERT J. FIORE P.A. and ROBERT JOSEPH FIORE, within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

6.      At all times material to this Complaint, Defendants, ROBERT J. FIORE P.A. and ROBERT JOSEPH FIORE, were employers or a joint employer of DOMINGUEZ within the meaning of the FLSA, 29 U.S.C. §203(d).

7.      Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 29 U.S.C. §1337 and a substantial part of the events giving rise to this action occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

8.      At all times material to this Complaint including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021, Defendant, ROBERT J. FIORE P.A., employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, DOMINGUEZ alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2018, 2019, 2020, and 2021, Defendant, ROBERT J. FIORE P.A., employed two (2) or more employees who, *inter alia*, regularly: (a) regularly handled and worked on office equipment—including but not limited to computers, photocopier/scanner, printers, telephones—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with commercial office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods

2

and/or materials moved in or produced for commerce; and (c) regularly communicated with and transacted business across State lines, including but not limited to, with clients and/or insurance companies outside of the State of Florida in, by way of example, California, Michigan, New Jersey, New York, North Carolina, and Virginia as well as in foreign countries such as Bolivia, Canada, France, Haiti, and Venezuela.

9.      Based upon information and belief, the annual gross sales volume of Defendant, ROBERT J. FIORE P.A., was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021.

10.     At all times material to this Complaint, including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021, Defendant, ROBERT J. FIORE P.A., has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11.     At all times material to this Complaint between November 2018 and April 2021, DOMINGUEZ was herself individually engaged in interstate commerce as a non-exempt Legal Assistant working for Defendants' law firm within the meaning of the FLSA, 29 U.S.C. §207(a)(1), because, *inter alia*, Plaintiff: (a) regularly performed work for personal injury cases for Defendants' law firm that involved interstate insurance policies; and (b) communicated via telephone and/or electronically with individuals and/or companies outside of Florida for Defendants' cases and for ROBERT JOSEPH FIORE including—for example but not limited to— interstate and international communications to the States of California, Michigan, New Jersey, New York, North Carolina, and Virginia as well as foreign countries such as Bolivia, Canada, France, Haiti, and Venezuela—in carrying out her Legal Assistant duties for Defendants.

3

12.     During the three (3) year statute of limitations period between November 2018 and April 2021, DOMINGUEZ's primary duties as a Legal Assistant for Defendants consisted of the following non-exempt tasks under and subject to the supervision of attorney ROBERT JOSEPH FIORE, Esquire: (a) answering and making telephone calls; (b) obtaining information from new clients of the law firm; (c) Spanish translation for meetings, calls, and documents; (d) scanning and saving correspondence as well as mailing and shipping documents; (e) working with court and other legal documents and processing court papers, filings and e-filings, and closing statements; (f) working with clients' medical records and medical bills as well as liens for clients; (g) creating and updating Excel spreadsheets; (h) correspondence to insurance companies and other attorneys and law firms; (i) processing payment of business bills for ROBERT J. FIORE, P.A. and personal bills of ROBERT JOSEPH FIORE and coordinating billing information with Defendants' bookkeeper, Billy Bolin; (j) maintaining the cleanliness of the office kitchen and conference room; (k) troubleshooting technical service/cable problems; and (l) carrying out personal errands as well as travel arrangements and medical appointments for ROBERT JOSEPH FIORE.

13.     The primary job duties performed by DOMINGUEZ for Defendants' law firm during the three (3) year statute of limitations period between November 2018 and April 2021 *did not* involve the exercise of independent judgment nor was Plaintiff's primary duties administrative tasks that involved exercising discretion for Defendants' general business operations.

14.     Likewise, the primary duties and work performed by DOMINGUEZ for Defendants' law firm during the three (3) year statute of limitations period between November 2018 and April 2021 required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with

respect to matters of significance in the operation of Defendants' administration or production operations.

15.    Instead, DOMINGUEZ devoted virtually all of her working time for Defendants' law firm during the three (3) year statute of limitations period between November 2018 and April 2021 to performing clerical and ministerial and clerical tasks in Defendants' personal injury law practice subject to a Florida-bar licensed attorney's oversight and supervision.

16.    Finally, the primary duties of DOMINGUEZ for Defendants' law firm during the three (3) year statute of limitations period between November 2018 and April 2021 *was not* management of any department(s) or job sites of Defendants' personal injury law practice, and Plaintiff had no authority for and did not regularly interview, hire, discipline, or fire employees of Defendants' law firm.

17.    During the three (3) year statute of limitations period between November 2018 and April 2021, DOMINGUEZ regularly worked as a non-exempt Legal Assistant for Defendants' law firm approximately between Five (5) to Seven (7) days per week with regular start times between approximately 7:00 to 8:00 a.m. and stop times between approximately 6:00 p.m. to 8:00 p.m. on week days while Plaintiff also regularly performed work for Defendants' both from home and at the office over weekends, including Plaintiff regularly working an average of Two (2) Saturdays per month from home and One (1) Saturday per month in the office between approximately 7:00 to 8:00 a.m. and 12:00 to 1:00 p.m. along with Two (2) Sundays per month from home between approximately 9:00 a.m. and 10:30 a.m., regularly working an average of between approximately Sixty (60) to Seventy (70) hours per week in numerous work weeks within the statute of limitations period.

18.    However, Defendants failed to pay time and one-half wages for the overtime hours

worked by DOMINGUEZ in Defendants' law firm for all of her hours worked in excess of Forty (40) hours per week during multiple work weeks within the three (3) year statute of limitations period between November 2018 and April 2021 as a result of *inter alia*, Plaintiff being paid a salary for Forty (40) hours per week without time and one-wages for each and every hour worked in excess of 40 hours per week as required by the FLSA, 29 U.S.C. §207.

19.     Subject to discovery, based upon Defendants paying DOMINGUEZ average gross weekly wages of approximately $840.00 per week for Forty (40) hours of work per week between November 2018 and April 2021 and Plaintiff being owed an average of approximately Twenty-Five (25) uncompensated overtime hours per week from Defendants during a total of approximately One Hundred and Ten (110) work weeks within the three (3) year statute of limitations period, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $31.50/hour [$840.00/40 hours = $21.00/hour x 1.5 = $31.50/hour], Plaintiff's unpaid overtime wages total **$86,625.00** [$31.50/hour x 25 Unpaid OT hours/week x 110 weeks = $86,625.00], whereas if Defendants were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis at the rate of $6.46/hour [$840.00/65 hours = $12.92/2 = $6.46/hour], Plaintiff's unpaid overtime wages total **$17,769.23** [($6.46/hour x 25 Unpaid OT hours/week x 110 weeks = $17,769.23].

20.     Based upon information and belief, Defendants failed to maintain contemporaneous or accurate records of all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by DOMINGUEZ during each week within the three (3) year statute of limitations period between November 2018 and April 2021 as required by the FLSA, 29 C.F.R. §516.2(a)(7).

21.     At all times material to this Complaint, Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by DOMINGUEZ during each week within the three (3) year statute of limitations period between November 2018 and April 2021 but Defendants nonetheless willfully failed to compensate Plaintiff for all of her actual overtime hours worked for Defendants, instead accepting the benefits of the work performed by DOMINGUEZ without the overtime compensation required by the FLSA, 29 U.S.C. §207.

22.     The complete records reflecting the compensation paid by Defendants to DOMINGUEZ for each week within the three (3) year statute of limitations period between November 2018 and April 2021 are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

23.     Plaintiff, EVELYN DOMINGUEZ, readopts and realleges the allegations contained in Paragraphs 1 through 22 above.

24.     DOMINGUEZ is entitled to be paid time and one-half of her applicable regular rates of pay for each hour she worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between November 2018 and April 2021.

25.     Defendants knowingly and willfully failed to pay DOMINGUEZ at time and one-half of her applicable regular rates of pay for all hours Plaintiff worked for Defendants in excess of Forty (40) per week during numerous work weeks within the three (3) year statute of limitations period between November 2018 and April 2021.

26.     At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide DOMINGUEZ with time and one-half wages for all of her actual overtime hours worked for Defendants during the three (3) year

statute of limitations period between November 2018 and April 2021 based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff.

27.    By reason of the said intentional, willful, and unlawful acts of Defendants, DOMINGUEZ has suffered damages plus incurring costs and reasonable attorneys' fees.

28.    Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by DOMINGUEZ for the benefit of Defendants during the three (3) year statute of limitations period between November 2018 and April 2021, as a result of which Plaintiff is entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

29.    DOMINGUEZ has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

30.    Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, EVELYN DOMINGUEZ, demands judgment against Defendants, jointly and severally, ROBERT J. FIORE P.A. and ROBERT JOSEPH FIORE, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  November 18, 2021            Respectfully submitted,

                           By:    **<u>KEITH M. STERN</u>**
                                Keith M. Stern, Esquire
                                Florida Bar No. 321000
                                E-mail:  employlaw@keithstern.com
                                LAW OFFICE OF KEITH M. STERN, P.A.
                                80 S.W. 8th Street, Suite 2000
                                Miami, Florida 33130
                                Telephone:  (305) 901-1379
                                Fax:  (561) 288-9031
                                Attorneys for Plaintiff

9

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendants, **Robert J. Fiore, P.A. and Robert Fiore**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.      I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims.  I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_____
**Evelyn Dominguez**